UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER ZONA,

                                               Plaintiff,

v.                                                       Civil Action No. _____

PIONEER CREDIT RECOVERY, INC.,

                                               Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Christopher Zona, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Pioneer Credit Recovery, Inc., (hereinafter "PCR") is a foreign business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred cable debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief, Defendant, was employed by the account holder to collect the subject debt.

13. In or about May of 2019, Defendant started calling Plaintiff's mother multiple times a week looking for Plaintiff. Plaintiff's mother told Defendant that Plaintiff Christopher Zona did not live with her and this was not a good contact number for him.

14. That Defendant disclosed the existence of the alleged debt to Plaintiff's mother during one or more of the aforementioned telephone calls.

15. That Defendant continued to call the Plaintiff's mother multiple times despite being informed that Plaintiff did not live with her and that her number was not a good contact number for him. That these calls continued through August 2019.

16. That the Defendant asked the Plaintiff's mother to have the Plaintiff contact them.

17. That Defendant's calls to Plaintiff's mother were made not to ascertain location information for the Plaintiff.

18. In or about late May or early June of 2019, Defendant contacted Plaintiff's mother's neighbors, leaving voicemail messages asking for the neighbors to call the Defendant back.

19. That Plaintiff never provided his mother's or his mother's neighbors' telephone numbers to either the Defendant or its client as a good contact number to reach the Plaintiff.

20. Plaintiff never received a 30-day validation notice from the Defendant within five days of the initial communication.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's mother and Plaintiff's mother's neighbors.

   B. Defendant violated 15 U.S.C. §1692b(1) and §1692c(b) by failing to state that they were calling for to confirm location information for the Plaintiff and thereby were calling Plaintiff's mother and mother's neighbors for reasons other than location information.

   C. Defendant violated 15 U.S.C. §1692e(11) by asking Plaintiff's mother to pass messages to the Plaintiff that Defendant had called and to contact them.

   D. Defendant violated 15 U.S.C. §1692g by never sending Plaintiff a 30-day validation notice within five days of the initial communication.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 19, 2020

      /s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com